UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RANDI ALLRED,<br><br>  Plaintiff,<br><br>v.<br><br>HOME DEPOT USA, INC, d.b.a. THE HOME DEPOT,<br><br>  Defendant. | Case No. 1:17-cv-00483-BLW<br><br>MEMORANDUM DECISION AND ORDER |

# INTRODUCTION

The Court has before it Plaintiff's Renewed Motion for Leave to Amend Complaint (Dkt. 41). The Court previously held that Plaintiff Randi Allred's ("Allred") proposed amended complaint incorporating a new claim for negligent infliction of emotion distress ("NIED") against Defendant Home Depot and Josh Hazlett ("Hazlett") adequately alleged the existence of a legal duty and a breach of that duty (Dkt. 34). But the Court ultimately denied without prejudice Plaintiff's Motion for Leave to Amend Complaint (Dkt. 20) after finding that Allred failed to adequately allege "facts supporting the physical manifestation element of her" NIED claim (Dkt. 34). For the reasons set for below, the Court **GRANTS** Plaintiff's Renewed Motion for Leave to Amend Complaint (Dkt. 41).

# LEGAL STANDARD

A party may amend its pleading with the consent of the other party or with leave from the court. *Id*. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. Rule 15's policy "favoring amendments to pleadings should be applied with extreme liberality." *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (internal quotations omitted). The party opposing amendment bears the burden of showing why the Court should not grant leave to amend. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Leave may be denied for reasons such as undue delay, bad faith, prejudice to the opposing party, or futility of amendment. *Hurn v. Retirement Fund Trust*, 648 F.2d 1252, 1254 (9th Cir. 1981).

"An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quoting *Miller v. Rykoff-Sexton, Inc.* 845 F.2d 209, 214 (9th Cir. 1988)). A district court may refuse leave to amend a complaint "where the amendment would be futile, or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citations omitted). The standard used to determine the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6). *Miller*, 845 F.2d at 214.

A dismissal under Rule 12(b)(6) "may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). While a

**MEMORANDUM DECISION & ORDER - 2**

complaint "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But, the complaint must "give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation omitted). A claim is plausible on its face when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## ANALYSIS

1. **Allred's Amended Complaint Provides Sufficient Factual Allegations Regarding the Physical Manifestations of Her Emotional Distress**

The first issue the Court must address is whether the amended complaint contains sufficient factual content related to the physical manifestation of Allred's emotional distress to be plausible. The Court concludes that it does. In the first version of Allred's proposed amended complaint, Allred only alleged that she "suffered emotional distress which resulted in a physically [sic] manifestation" (Dkt. 20-2 ¶ 164). This, of course, is a legal conclusion masquerading as a factual allegation.

In contrast, Allred's revised proposed amended complaint goes beyond legal conclusions. Specifically, Allred alleges that the physical manifestations of her emotional distress include "headaches: sleeplessness or insomnia: mastitis while nursing: anxiety: anxiety attacks: and signs of post-traumatic stress disorder" (*Pl.'s Exh. A*, ¶ 165,

Dkt. 41). Additionally, she alleges that she "recently sought medical assistance because of an elevated heart rate, which was diagnosed by her physician as a panic attack" and "has at times suffered from stomach pains because of the anxiety and emotional distress." *Id.* Finally, she alleges that "[t]he physical injuries suffered by Allred occurred during and after Hazlett's wrongful treatment of Allred as described herein, and continue to the present." *Id.* ¶ 166. In short, Allred's latest allegations provide Home Depot and Hazlett with sufficient notice regarding the physical manifestations of her emotional distress. *Twombly*, 550 U.S. at 555.

### 2. Plaintiff's Amendment Has Not Led to Undue Delay or Unfair Prejudice

Rather than attacking the adequacy of the facts and claims alleged in the proposed amended complaint, Home Depot and Hazlett instead argue that Allred's delay in filing the amended complaint was "undue…, unjustified, … [and] … resulted in financial and legal prejudice" to Home Depot and Hazlett (Dkt. 45 at 2). The Court is not required to "grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted). Prejudice due to undue delay occurs when a party "drastically change[s] its litigation theory" by amending its pleadings, despite having known about the new facts underlying the proposed amended pleading for a significant period of time. *Id.* at 953; *see also Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991). Additionally, Home Depot and Hazlett correctly note that compliance with the Court's

Case Management Order (Dkt. 14) is not dispositive, in and of itself, of whether Allred's proposed amendment was unduly delayed. *AmerisourceBergen Corp.*, 465 F.3d at 953.

Here, Home Depot and Hazlett fail to meet their burden of showing undue delay and prejudice. The Complaint was filed in November 2017 (Dkt. 1). Seven months later, on June 5, 2018, Allred filed a motion to amend her Complaint seeking to include an NIED claim against Home Depot and Hazlett (Dkt. 20). Even if the Court assumed that all of the physical manifestations of Allred's emotional distress had manifested prior to the Complaint being filed, her motion to amend still came sooner than the motions to amend in *AmerisourceBergen* (twelve months) and *Ponsoldt* (8 months), making those cases distinguishable.

More importantly, *AmerisourceBergen* and *Ponsoldt* are distinguishable because Allred is not seeking to "drastically change[] [her] litigation theory." As Allred's Reply notes, she has already alleged emotional damages as part of her claims under Title VII and the Family Medical Leave Act. *Pl.'s Reply* at 3, Dkt. 49; *see also Compl.* ¶¶ 114, 125, Dkt. 1. Home Depot has apparently already hired an expert to challenge Allred's allegations regarding emotional distress damages. *Pl.'s Reply* at 3, Dkt. 49. In short, the discovery process to date and Home Depot's selection of experts have anticipated a dispute over whether Allred in fact suffered any emotional harm because of Home Depot's and Hazlett's actions.

Although the Court believes that any prejudice suffered by Home Depot and Hazlett in allowing the amendment is *de minimis*, to ensure there is no prejudice the Court will allow Home Depot and Hazlett to inquire concerning the NIED claims in the

**MEMORANDUM DECISION & ORDER - 5**

completed deposition of Ms. Allred which has been scheduled by the parties. In addition to the seven hours that Home Depot and Hazlett were entitled to under Rule 30(d)(1), Home Depot and Hazlett may have an additional 1.5 hours to inquire concerning all aspects of the NIED claim. *Defs. Resp.* at 2 n.2, Dkt. 45.[1] Home Depot and Hazlett may also seek leave of the Court for another Rule 35 examination of Allred to explore the physical manifestations of her emotional distress.

## ORDER

In light of the foregoing, it is hereby **ORDERED** that Plaintiff's Renewed Motion for Leave to Amend Complaint (Dkt. 41) is **GRANTED.**

Plaintiff is hereby **ORDERED** to immediately file a non-redline version of docket entry 41 Exhibit A as a First Amended Complaint.

---

[1] Home Depot's brief opposing the motion to amend included the kind of hyperbole and vitriol that the Court discussed with counsel in our most recent hearing. For example, Footnote 2 of the brief included the following:

> "Defendant notes also that, as has been discussed in the course of recent discovery disputes and related filings, Ms. Allred's first deposition was *improperly and arbitrarily cut short* of the full seven hours by her attorney *in flagrant violation of the Federal Rules of Civil Procedure*. Accordingly, Defendant should be allowed to complete its full deposition, and then have additional time to explore Plaintiff's new claim."

During the hearing last week, Plaintiff's counsel conceded that she did cut short the full seven hours Defense counsel was entitled to under the Federal Rules. However, the deposition had continued for many hours (although something short of the allotted 7 hours) and Plaintiff's counsel only ended the deposition at 5:50 p.m. because of her prior obligations. The Court does not perceive that as "improper," "arbitrary" or a "flagrant violation" of the Federal Rules. The Court will again caution defense counsel that such language is counter-productive. It turns what may otherwise be a compelling argument into something far less persuasive. Moreover, it is wholly inconsistent with the standards of civility adopted by and enforced in this District.



DATED: October 2, 2018

_____
B. Lynn Winmill
Chief Judge
United States District Court