UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RANDI ALLRED,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HOME DEPOT USA, INC., dba THE HOME DEPOT, and JOSH HAZLETT,<br><br>　　　　Defendants. | Case No. 1:17-cv-00483-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is Defendant Home Depot's Memorandum Brief Regarding 30(b)(6) Discovery Dispute. Dkt. 63. Plaintiff Randi Allred ("Allred") served Home Depot a Notice under Federal Rule of Civil Procedure 30(b)(6) seeking to depose a corporate representative on "[b]reak accommodations provided to employees from January 1, 2013 to the present in the Nevada, Colorado and Utah Home Depot stores, including the nature of the break requested by each employee and how said break was carried out by Home Depot and the employee." Dkt. 63-1. For the following reasons, the Court will quash Allred's Rule 30(b)(6) notice.

## ANALYSIS

MEMORANDUM DECISION AND ORDER - 1

The Court is once again reluctantly called in to resolve a discovery dispute that, in the spirit of Federal Rule of Civil Procedure 1, should be resolved between counsel. Thus far, Allred has taken two Rule 30(b)(6) depositions of Home Depot. The first covered stores in Idaho, Washington, and Oregon. Dkt. 65 at 2. The second covered stores in Washington and Oregon. Dkt. 65 at 2. Additional discovery has been provided related to stores in Montana. Dkt. 63 at 3. Forty-one potential comparators have been identified and discussed during the Rule 30(b)(6) depositions of Home Depot. Dkt. 65 at 2.

Put simply, Allred is not entitled to a third bite at the Rule 30(b)(6) apple. Allred failed to seek leave from this Court to notice a third Rule 30(b)(6) deposition as required by Rule 30(a)(2)(A)(ii). Allred attempts to justify this failure by alleging that Home Depot's prior Rule 30(b)(6) corporate representatives were unprepared. Dkt. 65 at 2. The Court disagrees that this justifies Allred's failure to seek leave. If Home Depot's corporate representatives were truly unprepared, then the appropriate remedy is additional discovery tied to the geographic areas in the original Rule 30(b)(6) notices; not additional discovery in unrelated geographic locations.

Additionally, the Court finds that Allred's proposed discovery from stores in Nevada, Colorado, and Utah would violate Federal Rule of Procedure 26(b)(1)'s requirement that discovery be "proportional to the needs of the case." A party seeking to preclude discovery bears the burden of showing "why the discovery request is irrelevant, unduly burdensome, disproportional to the needs of the case, or otherwise improper."

*Ellis v. Corizon*, Case No. 1:15-cv-00303-BLW, 2018 WL 1865158 at *2 (D. Idaho April 18, 2018).

Here, Home Depot meets its burden. The Home Depot stores in Nevada, Colorado, and Utah are outside of Home Depot's Pacific Northwest management area. Dkt. 63 at 3. Thus, the workplace accommodations granted in those states to employees has only marginal relevance to any discrimination against Allred in Home Depot's Median, Idaho location. Allred has already deposed two corporate representatives covering at least 34 separate Home Depot locations. Additionally, Allred herself acknowledges that forty-one potential comparators have been identified. Dkt. 65 at 2. This is sufficient in the Court's view.

## ORDER

In light of the foregoing, it is hereby ORDERED that Allred's October 26, 2018 Rule 30(b)(6) is quashed.

DATED: November 5, 2018

B. Lynn Winmill
Chief U.S. District Court Judge