UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RANDI ALLRED,<br><br>    Plaintiff,<br><br>    v.<br><br>HOME DEPOT U.S.A., INC., dba THE HOME DEPOT, and JOSH HAZLETT,<br><br>    Defendants. | Case No. 1:17-CV-00483-BLW<br><br>**ORDER** |

## INTRODUCTION

Pending before the Court is Plaintiff's Motion to Stay Enforcement of the Order Granting Motion for Attorney Fees and Costs. Dkt. 157. Because the motion has been fully briefed and oral argument would not aid in disposition of the motion, the Court will decide the motion on the briefing. For the following reasons, the Court will deny Plaintiff's motion, but will modify the previously established payment deadline.

## DISCUSSION

On August 23, 2019, the Court issued an Order granting Defendants' Motion for Attorney Fees and Costs (Dkt. 132) associated with preparation for and

attendance of the December 20, 2018 deposition of Joshua Benjamin. The deposition was unilaterally cancelled at the last minute by Plaintiff's counsel. Pursuant to Federal Rule of Civil Procedure 30(g), the Court directed Plaintiff's counsel to remit $3,842.47 in fees and costs to Defendants by September 6, 2019.

Plaintiff now asks the Court to stay the enforcement of the Order. Counsel for Plaintiff, Shelly H. Cozakos, asserts that enforcement of the Order within the time specified poses an extreme financial hardship on her law firm. Ms. Cozakos's firm took Plaintiff Randi Allred's case on a contingency fee basis. (*See* Cozakos Dec., Dkt. 157-1 at 2.) The law firm is small, employing one person on a full-time basis and two people on a part-time basis. *Id.* Ms. Cozakos asserts that payment of the fees and costs will make it difficult for the firm to meet its financial obligations—including payroll obligations to its employees. *Id.* She requests a stay of the payment obligation pending resolution of an appeal of the Court's decision granting summary judgment on behalf of Defendants. *Id.* at 2-3.

Defendants argue a stay is not supported by Federal Rule of Civil Procedure 62, which concerns proceedings to stay the enforcement a judgment. Dkt. 158 at 2. Defendants assert the Court's award of fees and costs associated with a grant of a motion for sanctions is not a "judgment" as described in Federal Rule of Civil Procedure 54. *Id.* Defendants note, however, that they are willing to work with Ms. Cozakos in establishing a payment plan. *Id.* at 3.

In reply, Plaintiff asserts the Court's Order was for the payment of fees and costs associated with a cancelled deposition, and is not a sanctions penalty fee. Dkt. 159 at 2-3. Indeed, the Court awarded the fees and costs pursuant to Rule 30(g), which allows a party "expecting a deposition to be taken" to "recover reasonable expenses" "including attorney's fees" when the noticing party fails to attend. Fed. R. Civ. P. 30(g); *see* Dkt. 154 at 13-14.

Notably, Plaintiff askes the Court to stay the enforcement of the fee and costs award until the conclusion of an appeal. This argument presumes the Court's resolution of the pending motion for reconsideration and a potential appeal. These matters are both ancillary to the Court's determination that a payment of fees and costs for the cancelled deposition is warranted under Rule 30(g). Provided this, the Court will not stay its enforcement of the Order.

However, given the potential financial hardship that would result to Ms. Cozakos's law firm from an order of immediate payment, the Court will extend the payment deadline. The Court encourages the parties to meet and confer on the prospect of a reasonable installment payment schedule. Any installment schedule must ensure full and final payment of the $3,842.47 is made by the deadline set forth below.

# ORDER

**IT IS HEREBY ORDERED THAT**

1) Plaintiff's Motion to Stay Enforcement of the Order Granting Motion for Attorney Fees and Costs (Dkt. 157) is **DENIED**.

2) The Court's previous deadline for the payment of fees and costs, September 6, 2019, is vacated.

3) Fees and costs previously awarded to Defendants in the amount of $3,842.47 must be remitted by Plaintiff's attorney to counsel for Defendants **on or before November 22, 2019**.

DATED: **September 23, 2019**

B. Lynn Winmill
United States District Judge